## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **REGALO INTERNATIONAL, LLC, and CARLSON PET PRODUCTS INC.** | § § § § | |
| | § | **Civil Action No. 3:24-cv-3270** |
| *Plaintiffs* | § § | |
| **v.** | § § | |
| **ABORDER PRODUCTS INC. t/a "CUMBOR" and "INNOTRUTH"** | § § § § | **JURY TRIAL DEMANDED** |
| *Defendant.* | § § | |

---

## COMPLAINT

---

COMES NOW Plaintiffs Regalo International, LLC ("Regalo") and Carlson Pet Products, Incorporated ("Carlson") (collectively "Plaintiffs"), by and through their undersigned counsel and for their Complaint against Defendant Aborder Products Inc., who trades as "Cumbor" and "InnoTruth" (individually or collectively "Aborder" or "Defendant"), aver and allege as follows:

### <u>INTRODUCTION</u>

1.     This action arises out of acts of copyright infringement, Lanham Act violations, false advertising, unfair competition, patent infringement and other wrongs committed by Aborder against Plaintiffs within this district.

COMPLAINT                                                                                          Page 1

2.      As set forth in more detail below, Aborder, through its President and Director, Xuzhong Wang ("Wang") and trading as Cumbor and InnoTruth, has embarked on an intentional scheme of unlawfully copying and infringing Plaintiffs' intellectual property and other acts of unfair competition, in an effort to deceive consumers, deliberately trade upon Plaintiffs' renown and reputation, and cause substantial injury and damage to them, while Aborder reaps the full benefits – tangible and intangible – from the sales of its infringing gate products.

3.      In addition, Aborder has caused to be created, or created, non-authentic reviews, has manipulated ratings and negative reviews and has made false and misleading material statements regarding customer reviews.

4.      Upon information and belief, Aborder's conduct as complained of herein, has been willful, deliberate, malicious, and calculated to inflict substantial financial and reputational damage to Plaintiffs and provide Aborder with an unfair financial benefit.

5.      Accordingly, the Plaintiffs bring this action for:

a.      Copyright infringement of Plaintiffs' federal registered copyrights, pursuant to 17 U.S.C. § 501, *et seq*.;

b.      Trademark infringement under the Lanham Act, 15 U.S.C. § 1051 *et seq*. and common law;

c.      False advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B);

d.      Unfair competition under common law; and,

COMPLAINT                                                                     Page 2

e.    Infringement of the claims of: United States Patent No. 7,975,431 (the "'431 Patent"); United States Patent No. 11,085,233 (the "'233 Patent"); and United States Patent No. 11,746,589 (the "'589 Patent") (collectively the "Asserted Patents"), arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq*.

6.    Plaintiffs seek preliminary and permanent injunctive relief, compensatory damages, an accounting of Aborder's profits, punitive damages, recovery of their costs and attorney fees, and all other available relief arising from Aborder's willful and unlawful acts.

## <u>PARTIES</u>

7.    Regalo is a Minnesota Limited Liability Company with a primary place of business located at 3200 Corporate Center Drive, Suite 100, Burnsville, Minnesota 55306.

8.    Carlson is a Minnesota corporation with a primary place of business located at 3200 Corporate Center Drive, Suite 100, Burnsville, Minnesota 55306.

9.    Effective May 3, 2024, in a corporate filing, Aborder changed its registered agent from Incorp Services, Inc., 815 Brazos Street, Suite 500, Austin, Texas 78701 to CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

10.    Based upon its own filings, Aborder is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at either 511 East John Carpenter Freeway, Suite 500, Irving, Texas 75062-8138 or 400 East La Colinas Boulevard, Suite 920, Irving, Texas 75039

COMPLAINT                                                                 Page 3

## JURISDICTION AND VENUE

11.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

12.     This Court also has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that the Plaintiffs and the Defendant are all citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

13.     This Court has supplemental jurisdiction over Plaintiffs' common law claims under 28 U.S.C. § 1367 in that the pendent claims raised herein are integrally related and intertwined with the federal claims raised herein.

14.     This Court has personal jurisdiction over Aborder, because Aborder is incorporated in and maintains its principal place of business in the State of Texas and this District.  Further Aborder conducts business in Texas and in this District, including, upon information and belief, designing, importing, selling, offering for sale, and shipping the gate products at issue within this state and district.  Aborder further offers to place or places these gate products into the stream of commerce, with the knowledge or understanding that these products will be used or sold in this District.  As such, Aborder expects its actions to have consequences within this District.

15.     Venue is proper in this district under 28 U.S.C. §§ 1391 & 1400. Defendant Aborder resides in this District.  In addition, Aborder has committed acts of patent, copyright, and trademark infringement, false advertising, and unfair

COMPLAINT                                                          Page 4

competition within this District where it has a regular and established place of business.

## FACTUAL ALLEGATIONS

### Plaintiffs Are Leaders in the Gate & Safety Gate Industry

16.    In or about 1997, Plaintiff Regalo was founded by Mark and Wendy Flannery and remains to this day, a family owned and operated business.  Initially, Regalo marketed, sold, and distributed high-quality juvenile products.  Since its inception, Plaintiff Regalo's commitment to innovation, quality and affordability has in large part fueled its tremendous growth.

17.    In or about 2008, Plaintiff Carlson was formed to market, distribute, and sell various high-quality pet products.

18.    For over twenty-five years, Plaintiffs Regalo and Carlson have grown to be world leaders in the production and distribution of high-quality baby and pet products including the gate and barrier products at issue in this matter.

19.    Regalo and Carlson have invested substantial resources in the development of their products and establishing their reputation among consumers as having industry-leading gate products of the highest quality, safety, and performance.

20.    Plaintiffs' products are designed and contrasted to meet enhanced safety standards and have been validated by numerous standards organizations, including ASTM International and the Juvenile Products Manufacturers Association.

21.     Plaintiffs' ongoing efforts and the innovations resulting therefrom have given rise to more than *four hundred* United States patents that cover many novel and unique aspects of its line of products, including the Asserted Patents, which are directed to novel and unique safety gate features.

22.     Plaintiffs offer for sale and sell products that embody the inventions of the Asserted Patents.  The products are marked with the numbers of the Asserted Patents in accordance with 35 U.S.C. § 287(a), thereby providing public notice of the patents, including notice to Aborder.

23.     Plaintiffs have gone to great lengths to protect their interests in their gated barrier products, as well as the Asserted Patents.  No one other than Plaintiffs and their distributors are authorized to manufacture, import, export, advertise, offer for sale, or sell any product covered by the Asserted Patents.

24.     Aborder and Plaintiffs are competitors in a highly competitive industry where competitors closely monitor each other's products, technology developments, and patents.  Aborder has long been aware of Plaintiffs.  On information and belief, before Aborder launched the accused products on the market, it knew of the Asserted Patents from its routine monitoring of Plaintiffs' patents, and a reasonable opportunity for discovery will likely provide evidentiary support for this fact.

**Aborder and Its Aliases**

25.     On information and belief, Aborder directs, controls and is otherwise

COMPLAINT                                                                                          Page 6

responsible for the manufacture, offers to sell, and sales of the "Cumbor" and "InnoTruth" gate products at issue in this litigation within the United States or the importation of its gate products into the United States.

26.    On information and belief, Wang is the President and Director of Aborder. According to the Texas Secretary of State records for Aborder, Wang organized Aborder and is referenced as the President and Director of Aborder.

27.    On information and belief, Wang owns and completely controls, directs and/or is responsible for all of the corporate and commercial activities of Aborder, including the complained of acts alleged herein. On further information and belief, Wang personally participates in or has the right and ability to supervise, direct, and control the wrongful conduct of Aborder alleged in this Complaint, and derives a direct financial benefit as a result of Defendant's wrongful conduct.

28.    As of December 26, 2026, Texas Secretary of State records for Aborder indicate its address as 511 East John Carpenter Freeway, Suite 500, Irving, Texas 75062.

29.    On information and belief, Wang is a citizen either of the State of Texas or the State of California, and resides either at 913 Jamestown Lane, Southlake, TX 76092 or at 604 Bancroft Place, San Ramon, CA 94582.

30.    On information and belief, Aborder is the owner and operator of the website located at URL https://aborderproducts.com/ through which it markets in

interstate commerce gate products under brands and trademarks "Cumbor" and "InnoTruth."  Attached as Exhibit A are true and correct copies of printouts of computer screen displays of the web pages https://aborderproducts.com/collections/baby-gates?page=1, https://aborderproducts.com/collections/baby-gates?page=2,                  and https://aborderproducts.com/collections/baby-gates?page=3, through which Aborder markets gate products.

31.    On its "About Aborder" webpage, URL https://aborderproducts.com/pages/who-we-are, Aborder states "Aborder has nine brands separate brands and counting," and its homepage, URL https://aborderproducts.com/, Aborder touts CUMBOR and INNOTRUTH as one of "OUR TOP BRANDS."

32.    Aborder offers to sell and sells Cumbor and InnoTruth gates on Amazon.com, Inc.'s ("Amazon") well-known online retail marketplace and ecommerce platform.  Aborder states on its website (at URL https://aborderproducts.com/cart) "WE SELL ON AMAZON  All products that you see are sold directly though Amazon."  Accessing the links on Aborder's website to purchase Cumbor and InnoTruth gates redirects consumers to product pages for its products on Amazon.

33.    On information and belief, Defendant Aborder is the owner and operator

of the website located at URL https://thecumbor.com/ through which it markets in

interstate commerce gate products under brand and trademark "Cumbor."

34.    Accessing the links on Aborder's website URL https://thecumbor.com/

to view or purchase Cumbor gates redirects consumers to product pages for those

products on Amazon, wherein "Cumbor" is identified as an Amazon "third party

seller."  Amazon's "About Seller" page for "Cumbor" identifies its business name as

"Shenzhen Diwenzuanshiyouxiangongsi."   On information and belief, "Shenzhen

Diwenzuanshiyouxiangongsi," which translates to "Shenzhen Diwen Diamond Co.,

Ltd.," refers to and is, in fact, Shenzhen Diwen Jewelry Co., Ltd., discussed *infra* ¶¶

36, 38-40.

35.    Aborder's  website  URL  https://thecumbor.com/  identifies  "Cumbor"

with the contact email of support@aborderproducts.com and contact address of 511

East John Carpenter Freeway, Suite 500, Irving, TX 75062.  Likewise, product

information included with Cumbor gates state that "Manufacturer Support" can be

obtained  by  emailing  support@aborderproducts.com.   These  contact  emails  and

contact address are the same contact email and address for Aborder.

36.    According to the records of the United States Patent and Trademark

Office ("USPTO"), Aborder is the current owner of U.S. Trademark Registration No.

6,195,011 for the trademark "Cumbor" for *inter alia* "Metal gates . . . Metal pet doors

. . . Metal safety gates for babies, children, and pets."  These records indicate that on

COMPLAINT                                                                          Page 9

May 24, 2023, Shenzhen Diwen Jewelry Co., Ltd. ("Shenzhen Diwen Jewelry"), the original owner of Registration No. 6,195,011, assigned all rights, title, and interest to that registration and the mark covered thereby, to Aborder. The assignment was executed by Wang on behalf of Shenzhen Diwen Jewelry as its Chief Executive Officer.

37.     Similarly, USPTO records specify that Aborder is the current owner of U.S. Trademark Registration No. 6,828,689 for the trademark "InnoTruth" for i*nter alia* "metal gates; metal safety gates for babies, children, and pets." On May 24, 2023, Shenzhen Flower of Life Network Technology, Ltd. ("Shenzhen Flower of Life"), the original owner of Registration No. 6,828,689, assigned all rights, title, and interest to this registration and the mark covered thereby, to Aborder. The assignment was executed by Wang on behalf of Shenzhen Flower of Life as its Chief Executive Officer.

38.     On information and belief, Aborder owns, and completely controls, directs or is responsible for all of the corporate and commercial activities of Shenzhen Diwen Jewelry and Shenzhen Flower of Life. On further information and belief, Aborder has used Shenzhen Diwen Jewelry and Shenzhen Flower of Life to perpetrate fraud, misappropriate intellectual property, deceive others, and circumvent liability, including the unlawful conduct described herein, all for its benefit. On further information and belief, there is such an indistinguishable unity of interest, ownership,

purpose, and conduct that there are no separate personalities of these entities, and Aborder, Shenzhen Diwen Jewelry, and Shenzhen Flower of Life effectively a single business enterprise.

39.    Upon information and belief, the aforementioned Wang, Shenzhen Diwen Jewelry's Chief Executive Officer, Wang, Shenzhen Flower of Life's Chief Executive Officer, and Wang, Aborder's Director and President, are one and the same individual.

40.    On further information and belief, Wang owns and completely controls, directs or is responsible for all of the corporate and commercial activities of Shenzhen Diwen Jewelry and Shenzhen Flower of Life, including the complained of acts alleged herein.

41.    Rather than invest in the hard work, time, and money necessary to earn consumer recognition and goodwill in products and an identity of its own, Aborder has taken an unlawful shortcut by trading off of the innovations, identity, and goodwill that Plaintiffs have built in their industry-leading safety gates.  Aborder has done so by manufacturing inferior knock-offs of Plaintiffs' patented safety gates and marketed the same by misusing Plaintiffs' copyrighted photographs and federally registered trademarks and otherwise engaging unlawful, unfair competition.

## COUNT I
## COPYRIGHT INFRINGEMENT

42.    Plaintiffs incorporate by reference and reallege the foregoing paragraphs

COMPLAINT                                                                                    Page 11

as if fully set forth herein.

43.     This count is for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq*.

44.     In connection with their public advertising, marketing, promotion, and sales of their products, Plaintiffs use high-quality, original photographs depicting Plaintiffs' products.  Plaintiffs have invested substantial time, money and effort in creating such photographs.  Such photographs contain material wholly original to Plaintiffs that are copyrightable subject matter under the laws of the United States. Plaintiffs have complied in all respects with 17 U.S.C. § 101 *et seq.* and have secured exclusive rights in these works and have received copyright registrations in these works with the Copyright Office in accordance with its rules and regulations. Plaintiffs are currently and at all times have been the sole proprietor of all rights, title, and interest in and to the copyrights in these works.

45.     At no time has Plaintiffs authorized Aborder to reproduce, distribute, prepare derivative works, or publicly display any of their photographs or any portion thereof.

46.     One such photograph created by Regalo and used in its marketing and sales efforts is the following photograph depicting the Regalo Model #1160 DS gate. For more than fifteen years, the Regalo Model #1160 DS gate has been the number-one selling safety gate on Amazon.

COMPLAINT                                                                                          Page 12



47.    Regalo registered the copyright in this photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a) as United Copyright Office Certificate of Registration Number VA 2-426-001.  A true and correct copy of this Certificate of Registration is attached as Exhibit B.

48.    Another photograph created by Regalo and used in its marketing and sales efforts is a photograph depicting the Regalo Model #1230 DS safety gate for use at the top of a stairway.



49.     Regalo registered the copyright in this photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a) as United States Copyright Office Certificate of Registration Number VA 2-426-002.  A true and correct copy of this Certificate of Registration is attached as Exhibit C.

50.     On information and belief, Aborder actually used the foregoing Regalo photographs to create its own infringing photographs.  On information and belief, Aborder had access to Regalo's photographs, which were widely and publicly displayed in connection with the public advertising, marketing, promotion, and sales of Regalo Model #1160 DS and Model #1230 DS safety gates, prior to and after the creation of its infringing photographs.

51.    On further information and belief, and as set forth below, the striking similarities between the parties' respective photographs are such that it precludes the possibility that Aborder created its photographs independently and without reference to Plaintiffs' copyrighted photographs.

52.    In connection with its sales of one of its gates on Amazon (ASIN B09GXQSTG9), Aborder uses a photograph that is strikingly similar to the photograph used by Regalo in connection with its Model #1160 DS gate and subject to Copyright Registration No. VA 2-246-001.



53.    Not only does Cumbor wrongfully use that strikingly and confusingly similar photograph shown above in connection with its sale of its gate bearing ASIN B09GXQSTG9, it also wrongfully uses the photograph to market and direct customers

to a larger group of gates through a process referred to as "linking" or "variation" page.

54.    A review of the Amazon website reveals that there are no less than thirteen (13) Cumbor gates within this variation are all shown along with this substantially and confusingly similar photograph. These Cumbor gates include the following associated ASIN's:   B08CK8WPP4, B0CYH2LWGJ, B09YCKSZ89, B0D99JVNVK, B0D99N4P9J, B09GXQSTG9, B0D997WJHH, B0D8HWPDNJ, B07WFZXZXB, B0CYH2WJLM, B09YCLJ54R, B0D99KNXSN, B0D997YR12.

55.    In connection with its sales of another one of its gates on Amazon (ASIN B08CK8WPP4), Defendant Aborder uses a photograph that is strikingly similar to the photograph used by Regalo in connection with its Model #1230 DS gate and subject to Copyright Registration No. VA 2-246-002. This photograph used by Defendant Aborder is also linked to the following associated ASIN':   B08CK8WPP4, B0CYH2LWGJ, B09YCKSZ89, B0D99JVNVK, B0D99N4P9J, B09GXQSTG9, B0D997WJHH, B0D8HWPDNJ, B07WFZXZXB, B0CYH2WJLM, B09YCLJ54R, B0D99KNXSN, B0D997YR12.

COMPLAINT                                                                                      Page 16



56.    By its actions alleged above, Aborder has infringed and will continue to infringe Regalo's copyrights in and relating to the above-described photographs in violation of 17 U.S.C. § 501.

57.    The natural and probable foreseeable result of Aborder's wrongful conduct has been to deprive Regalo of the benefits of selling safety gates represented in these photographs and to confuse and deceive Plaintiffs' present and prospective customers.

58.    Aborder's wrongful conduct has also deprived and continues to deprive Regalo of the opportunity of expanding its goodwill.

59.    By reason of Aborder's infringement, Regalo has sustained and will

continue to sustain substantial injury, loss, and damage to their ownership rights in their copyrighted photographs.

60.     On information and belief, Aborder's infringement was and is willful, in bad faith, and in conscious disregard for Regalo's exclusive rights.

61.     Unless enjoined by this Court, Aborder will continue its course of conduct and will continue to wrongfully use, infringe upon, sell, and otherwise profit from Regalo's copyrighted photographs.

62.     Aborder's deliberate infringement of Regalo's copyrights has irreparably damaged Regalo, and Aborder will continue to damage Regalo irreparably unless enjoined by this Court.  Accordingly, Regalo is entitled to an injunction in accordance with 17 U.S.C. § 502, restraining Aborder, its directors, officers, agents, representatives, servants, employees, and all other persons acting in concert, or privity, or in participation with it, from engaging in any further such acts copyright infringement.

63.     Regalo is further entitled to recover from Aborder the damages, they have sustained and will sustain, and any gains, profits and advantages obtained by Aborder as a result of its sales of safety gates associated with its acts of infringement, in an amount to be determined at trial.

**COUNT II**
**TRADEMARK INFRINGEMENT**
**(15 U.S.C. §§ 1114 & 1125(a))**
**AND COMMON LAW**

COMPLAINT                                                                                 Page 18

64.     Plaintiffs incorporate by reference and reallege the foregoing paragraphs as if fully set forth herein.  trademark.

65.     This Count is for trademark infringement, false designation of origin and false and misleading advertising pursuant to the Lanham Act and common law.

**The Amazon Marketplace & Its Marketing Realities**

66.     Generally, manufacturers choose between two business models to sell their products on Amazon's marketplace: a first-party or "1P" relationship or a third-party or "3P" relationship.

67.     A 1P relationship with Amazon is a direct relationship, where Amazon is a traditional retailer in which it buys products wholesale from a manufacturer, and then resells them to consumers on the Amazon online store.  As a 1P seller, known as a "vendor," manufacturers supply products to Amazon upon request via purchase orders in its "Vendor Central" portal.  Amazon handles customer fulfillment from its warehouses, and it controls pricing, product listings, availability, inventory, shipping, returns, and customer service for the products.

68.     A 3P relationship with Amazon is a third-party selling model that allows manufacturers to sell products directly to customers on Amazon's marketplace.  A 3P seller lists its own products for sale, sets its own pricing, and describes its own products.  A 3P seller also controls the information displayed in the product listings for its products and store on Amazon.  Amazon generates revenues

COMPLAINT                                                                                          Page 19

by charging 3P sellers to use its platform and payment processing, and at the 3P

seller's option, Amazon's fulfillment services.

69.    Amazon also generates revenue by offering 1P and 3P sellers

advertising solutions to aid with increased awareness, consideration and sales of their

products on Amazon.  In this respect, Amazon offers various sponsored ads that

appear in high visibility placements on Amazon, such as on the first shopping results

page of a keyword search and on specific product pages.  Sellers select products to

advertise and choose keywords to target.  The sponsored ads are shown to customers

based on keywords on which Amazon allows sellers to bid and purchase.  When

customers "click" or select a sponsored ad, they are taken to the advertised product's

detail page.  Many times, it is not immediately obvious from sponsored ad who is

selling the advertised product.

**Aborder's Willful Trademark Infringement**

70.    Since 1996, Regalo has used the name and trademark REGALO in

connection with safety gate products and in the marketing and sale of the same in

interstate commerce.  These safety gates have been widely advertised and extensively

offered under this name and mark throughout the United States, and their sales have

been and are significant.  Regalo's name and mark REGALO are displayed

prominently on its safety gates and on all product packaging.  Regalo has invested a

substantial amount of effort and expense in promoting its name and mark and in

ensuring the high quality of safety gates provided thereunder.

71.    Regalo's safety gates sold under the name and mark REGALO are recognized to be of the highest quality.

72.    As a result of Regalo's substantial advertising and sales under the name and mark REGALO, and the maintenance of premium quality standards relating thereto, and Regalo's substantially exclusive use, the name and mark REGALO have become widely and favorably accepted and recognized by consumers as a unique and distinctive indication of the origin of Regalo's safety gates.  The name and mark REGALO has become and is an asset of substantial value as a symbol of Regalo, its high-quality products, its reputation and goodwill.

73.    Since 2006, Carlson has used the name and trademark CARLSON in connection with its gate and barrier products and in the marketing and sale of the same in interstate commerce.  These gates have been widely advertised and extensively offered under this name and mark throughout the United States, and their sales have been and are significant.  Carlson's name and mark CARLSON are displayed prominently on its gates and on all product packaging.  Carlson has invested a substantial amount of effort and expense in promoting its name and mark and in ensuring the high quality of gates provided thereunder.

74.    Carlson's gates sold under the name and mark CARLSON are recognized to be of the highest quality.

COMPLAINT                                                                                    Page 21

75.     As a result of Carlson's substantial advertising and sales under the name and mark CARLSON, and the maintenance of premium quality standards relating thereto, and Carlson's substantially exclusive use, the name and mark CARLSON have become widely and favorably accepted and recognized by consumers as a unique and distinctive indication of the origin of Carlson's safety gates. The name and mark CARLSON has become and is an asset of substantial value as a symbol of Carlson, its high-quality products, its reputation and goodwill.

76.     On July 7, 1998, the United States Patent and Trademark Office ("USPTO") granted federal trademark registration to Regalo for the mark REGALO for "metal safety gates for babies, infants and children" as Certificate of Registration No. 2,171,783. This registration is in fully force and effect, is owned by Regalo, and has become incontestable under 15 U.S.C. § 1065. Regalo uses the registration symbol ® on its goods and in advertising in association with its trademark.

77.     On July 7, 1998, the USPTO granted federal trademark registration to Carlson for the mark CARLSON PET PRODUCTS for among other things "metal safety gates for babies, children, and pets" and "non-metal safety gates for babies, children, and pets" as Certificate of Registration No. 4,578,502. This registration is in fully force and effect, is owned by Carlson, and has become incontestable under 15 U.S.C. § 1065. Carlson uses the registration symbol ® on its goods and in advertising in association with its trademark.

COMPLAINT                                                                          Page 22

78.    Plaintiffs' marks REGALO and CARLSON and the goodwill of the businesses associated with them throughout the United States are of great value to Plaintiffs, are highly distinctive, and have become uniquely associated in the public mind with the products of the highest quality and reputation finding their source with Plaintiffs.

79.    On information and belief, without Plaintiffs' authorization or consent and having knowledge of Plaintiffs' prior rights in the marks REGALO and CARLSON, Defendant Aborder has knowingly and intentionally used Amazon's sponsored ads to trade on those marks to advertise its infringing safety gates and drive traffic to the product page listings of its infringing safety gates on Amazon.

80.    On information and belief, Defendant Aborder has purchased the keywords REGALO and CARLSON in connection with Amazon's sponsored ads described above, so its infringing gates are prominently displayed on the first shopping results page of a keyword search of Plaintiffs' trademarks and on product pages for Plaintiffs' gates.

81.    Defendant Aborder's systematic, deliberate use of Plaintiffs' marks is likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of Aborder's infringing gates and is likely to deceive the public into believing that these infringing gates originate from, are associated with, or are otherwise authorized by Plaintiffs, all to the damage and detriment of Plaintiffs'

reputation, goodwill, and sales.

82.    The likelihood of confusion caused by Defendant Aborder's misuse of Plaintiffs' trademarks is exacerbated not only by Aborder's copying and infringing patented aspects of Plaintiffs' gate products (which create a confusingly similar product appearances) but also by Aborder's copying of unique, non-patented aspects of Plaintiffs' gates.  In this regard, many of Plaintiffs' gates have a substantially exclusive, distinctive and unusual design feature where some of the vertical bars are not straight, but rather have a contouring shape, as shown below:



83.    Plaintiffs' contoured shaped bars are nonfunctional.  Thus, there is no functional reason for other gates to use or possess this feature.  Yet, Defendant Aborder also sells gates having the very same contoured bars as shown in the below

photograph.



84.    On information and belief, Defendant Aborder has intentionally copied this contoured shaped bar feature from Plaintiffs' gates to further create a likelihood of confusion between the parties' respective gate products.

85.    Defendant Aborder offers for sale and has sold gates having these contour bars on Amazon including, but not limited to, products under the following ASIN Numbers: B08V93S74Z, B0CL4RHMXM, B0CL4VZ62Z, B093SJ9XZD, B093SV263R, and B0D8HSK331.

86.    In addition to selling the confusingly similar gates as noted above, Defendant Aborder also sells under other ASIN Numbers linked to this very page including, but not limited to ASIN Numbers: B07WFZSW72, B0CYH33WHH, B09Y95JM4M, B08H1R7SRF, B08TBLM9T6, B0D8HQTZTZ, B0D8HSK331,

COMPLAINT                                                                    Page 25

B07MLFKP1G, B0CYH3LLC9, and B09Y95GVJ9.

87.    The likelihood of confusion caused by Defendant Aborder's misuse of Plaintiffs' trademarks also is aggravated by its copying and infringing Plaintiffs' copyrighted photographs, which create product presentations that are confusingly similar to those of Plaintiffs.

88.    All of Defendant Aborder's acts combined are likely to cause initial interest and initial source confusion, mistake, and deception among consumers who are deceptively drawn to Defendant's infringing gates believing they originate from, are affiliated, connected or associated with, or are otherwise sponsored or authorized by Plaintiffs, even if such consumers ultimately do not purchase Defendant's gates as a result of such confusion.

89.    On information and belief, Defendant Aborder has used Plaintiffs' trademarks with the intention of misleading, deceiving, or confusing consumers and of trading on Plaintiffs' reputation and goodwill.  Defendant has engaged in its infringing activity despite having constructive notice of Plaintiffs' federal registration rights under 15 U.S.C. § 1072 and, upon information and belief, despite having actual knowledge of Plaintiffs' use of their names and mark REGALO and CARLSON. Aborder's use of Plaintiffs' marks constitutes willful, deliberate, and intentional trademark infringement.

90.    As a direct and proximate result of Defendant Aborder's trademark

infringement, Plaintiffs have suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Defendant has unfairly acquired and will continue to unfairly acquire income, profits, and goodwill.

91.    Defendant Aborder's acts of infringement will cause further irreparable injury to Plaintiffs if Aborder is not restrained by this Court from further violation of Plaintiffs' rights.  Plaintiffs have no adequate remedy at law.

## COUNT III
## FALSE ADVERTISING

92.    Plaintiffs incorporate by reference and reallege the foregoing paragraphs as if fully set forth herein.

93.    This Count is for false advertising pursuant to the Lanham Act, 15 U.S.C. 1125(a)(1)(B).

94.    One of the most important aspects of a successful product on Amazon is consumer reviews.

95.    One way to drive a vendor's product towards the top of any listing generated as a result of any consumer search is to take steps to maximize the number of reviews the product obtains.

96.    Another way to drive a vendor's product towards the top of any listing is to take steps to ensure that the products' ratings are as high as possible because most customers look at the rating to validate the first click.

97.    For example, reviews and ratings help sellers such as Plaintiffs establish

credibility and goodwill in the mind of the consumer, including potential buyers of the gate products at issue in this litigation.

98.    Over the past fifteen years, Plaintiffs have earned over 200,000 consumer reviews concerning their gates.

99.    Because of the critical nature of reviews and ratings, sellers such as Plaintiffs pay very close attention to various metrics concerning their products, product placement, search results and consumer reviews.

100.    Once such metric is the number of reviews earned in relationship to the number of products sold.

101.    On information and belief, the reviews associated with Defendant Aborder's Cumbor products are not from consumers, but actually from either Aborder itself or from a third-party acting on Aborder's behalf to invent reviews which are, for various reasons, not authentic.

102.    Defendant Aborder's practice of generating reviews is evidenced by the fact that a majority of Cumbor's reviews are rated with a scale of 1-5 without any comments, and nearly all of them positive.

103.    On information and belief, in addition to being non-authentic, over twenty of those reference Regalo and virtually all of them disparage or denigrate Regalo.    On information and belief, Defendant Aborder, or someone acting on Aborder's behalf, is writing reviews which denigrate or disparage Plaintiffs' products.

COMPLAINT                                                                 Page 28

These misleading and false reviews constitute, *inter alia*, trade disparagement.

104.   On information and belief, Defendant Aborder goes to great lengths to manipulate ratings and reviews and to remove any negative reviews or poor ratings.

105.   On information and belief, in addition to its placement of false product reviews in connection with the sales of its infringing safety gate products on Amazon, and on information and belief, Defendant Aborder has engaged in the removal of legitimate ratings and reviews.  That is, Aborder has manipulated Amazon's rating systems to broaden the removal of ratings and reviews, and thus, overstate positive customer experiences.

106.   On further information and belief, Defendant Aborder has wrongfully classified negative reviews as fault caused by "fulfillment experience by Amazon" to remove their presence.

107.   Defendant Aborder's generation of non-authentic reviews, removal of negative reviews, manipulation of ratings and the placement of disparaging comments in the reviews concerning Plaintiffs are all material for a number of reasons, including, but not limited to, wrongfully placing Defendant Aborder's products at the top of any search result page generated by any consumer searching for these products.

108.   By virtue of Aborder's acts, herein above pleaded, Aborder has violated Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

109.   Defendant Aborder's creation of non-authentic product reviews,

manipulation of ratings and negative reviews, and false and misleading material statements regarding customer reviews, as set forth above, is use in commercial advertising or promotion of literally false and/or misleading descriptions of fact that misrepresent the characteristics and qualities of Plaintiffs' goods and Aborder's goods, in violation of 15 U.S.C. § 1125(a)(1)(B).

110.    These literally false or misleading descriptions of fact actually deceived or tended to deceive a substantial number of reasonable consumers of safety gates and its claims were material to consumers' purchasing decisions. In addition, these false and/or misleading descriptions of fact continue to actually deceive or tend to deceive a substantial number of reasonable consumers of safety gates and continue to be material to consumers' purchasing decisions.

111.    On information and belief, Aborder's acts of false advertising described herein were intended to cause and did in fact cause deception of the public, misleading prospective purchasers as to the true characteristics and qualities of Aborder's and Plaintiffs' products.

112.    By virtue of Aborder's acts, hereinabove pleaded, Aborder has obtained business it could not otherwise obtain fairly on the open market.

113.    As a proximate result of Aborder's acts as described herein, Plaintiffs have suffered and will continue to suffer irreparable harm in the form of damage and injury to their business, reputation and goodwill. Plaintiffs will continue to sustain

serious loss of revenues, profits and market share unless Aborder is preliminarily and permanently restrained and enjoined by the Court from further false advertising.

<strong>COUNT IV</strong><br><strong><u>UNFAIR COMPETTION</u></strong>

114.    Plaintiffs incorporate by reference and reallege the foregoing paragraphs as if fully set forth herein.

115.    By virtue of Aborder's acts, herein above pleaded, Aborder has engaged in unfair competition under common law.

116.    Aborder's actions constitute business conduct that is contrary to honest practice in industrial and commercial matters that has interfered with Plaintiffs' ability to conduct business.

117.    These acts of unfair competition include, but are not limited to, misuse of Plaintiffs' trademarks, false and confusingly similar product photographs, misappropriation of Regalo's trade dress, purchase of non-authentic and misleading product reviews, and the removal of negative reviews and low customer ratings from the product pages of Defendant Aborder's infringing safety gates.

118.    By virtue of Aborder's acts, hereinabove pleaded, Aborder has obtained business it could not otherwise obtain fairly on the open market.

119.    Aborder's acts hereinabove described are being committed with the intent, purpose and effect of procuring an unfair competitive advantage by misappropriating the valuable goodwill developed by Plaintiff at substantial effort and

expense and represented by its intellectual property.

120.  As a result of Aborder's unfair competition, Plaintiffs has incurred substantial damages, loss of goodwill and profits which has adversely affected their ability to conduct their business, control their goodwill and reputation, and have sustained still further damages in an amount difficult to ascertain.  Unless restrained by this Court, Aborder will continue to compete unfairly with Plaintiffs and Plaintiffs will continue to incur such damage.

**COUNT V**
**INFRINGEMENT OF THE '431 PATENT**

121.  Plaintiffs incorporate by reference and reallege the foregoing paragraphs as if fully set forth herein.

122.  On July 12, 2011, the '431 Patent, entitled "Multiple Piece Gated Pressurized Barrier," was duly and regularly issued to Carlson, as assignee of the inventor, Mark A. Flannery.  A true and correct copy of the '431 Patent is attached hereto as Exhibit D.  Carlson is now and has been at all times since the respective dates of issuance of the '431 Patent the owner of that patent and of all rights thereto and thereunder.

123.  Aborder has infringed and continues to infringe at least one claim of the '431 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, offering to sell, or selling the infringing safety gate products within the United States and/or importing them into the United States, without

COMPLAINT                                                                                    Page 32

authority or license.  The safety gates that embody the inventions claimed in the '431 Patents include, inter alia, the following product designations: Cumbor Model Numbers S7V1, M7V1, M7V2, and SGM7V110 as well as Inno Truth Model Numbers VC1911, VC1910, VC1912, and S3V2.

124.   Aborder's infringing products are sold on Amazon under the following ASIN designations: B07MLFKP1G, B09Y95GVJ9, B0CL4RHMXM, B08V93S74Z, B07WFZSW72, B09Y95JM4M, B093SJ9XZD, B0CL4VZ62Z, B08H1R7SRF, B093SV263R, B08TBLM9T6, B08CK8WPP4, B09YCKSZ89, B0CG8VJQ78, B0BMZTL62D, B09GXQSTG9, B0BMZTF5T7, B07WFZXZXB, B09YCLJ54R, B0CG8DYTKQ, B0BMZC8688, B08CKB8B8T, B0CCCNXYPY, B08YNJFH78, B07YWCH51J, B0BZPRQSSQ, B0CCCLQFVX, B0C5X229LS, B0C5X4RDYK, B08NKGQQMD,     B08NKKSDMV,     B08NKJG8FR,     B08NKHRQ9W, B0C5H9DLJS, B0C5H7Z36M, and B0C5H7G3DG.

125.   For example, and by no means limiting, Exhibit E attached hereto and incorporated by reference is a claim chart establishing infringement of Claim 5 of the '431 Patent by the Aborder InnoTruth S3V2 Baby Safety Gate.

126.   By way of further example and by no means limiting, Exhibit F attached hereto and incorporated by reference is a claim chart establishing infringement of Claim 5 of the '431 Patent by the Aborder InnoTruth VC1910 Baby Gate.

127.   Aborder's infringement has damaged and will continue to damage

Carlson, which is entitled to recover the damages resulting from Aborder's wrongful acts in an amount to be determined at trial, and in any event no less than a reasonable royalty.

128.    Aborder's infringement has caused, and will continue to cause, irreparable injury to Carlson, for which damages are an inadequate remedy, unless Aborder is enjoined from any and all activities that would infringe the claims of the '431 Patent.

129.    Aborder's infringement of the '431 Patent is willful, justifying an award of enhanced damages of treble the amount found or assessed under 35 U.S.C. § 284.

## COUNT VI
## INFRINGEMENT OF THE '233 PATENT

130.    Plaintiffs incorporate by reference and reallege the foregoing paragraphs as if fully set forth herein.

131.    On August 10, 2021, the '233 Patent, entitled "Gate Apparatus With Springless Automatic Return Gate," was duly and regularly issued to Carlson, as assignee of the inventors, Mark A. Flannery and Porter R. Million.  A true and correct copy of the '233 Patent is attached hereto as Exhibit G.  Carlson is now and has been at all times since the respective dates of issuance of the '233 Patent the owner of that patent and of all rights thereto and thereunder.

132.    Aborder has infringed and continues to infringe at least one claim of the '233 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of

equivalents, by making, offering to sell, or selling the infringing safety gate products within the United States and/or importing them into the United States, without authority or license.

133.  For example, and by no means limiting, Exhibit H attached hereto and incorporated by reference is a claim chart establishing infringement of Claim 2 of the '233 Patent by the Aborder Cumbor S7V1 Baby Safety Gate.

134.  By way of further example and by no means limiting, Exhibit I attached hereto and incorporated by reference is a claim chart establishing infringement of Claim 2 of the '233 Patent by the Aborder InnoTruth VC1910 Baby Gate.

135.  Aborder's infringement has damaged and will continue to damage Carlson, which is entitled to recover the damages resulting from Aborder's wrongful acts in an amount to be determined at trial, and in any event no less than a reasonable royalty.

136.  Aborder's infringement has caused, and will continue to cause, irreparable injury to Carlson, for which damages are an inadequate remedy, unless Aborder is enjoined from any and all activities that would infringe the claims of the '233 Patent.

137.  Aborder's infringement of the '233 Patent is willful, justifying an award of enhanced damages of treble the amount found or assessed under 35 U.S.C. § 284.

**COUNT VII**
**INFRINGEMENT OF THE '589 PATENT**

COMPLAINT                                                                 Page 35

138.   Plaintiffs incorporate by reference and reallege the foregoing paragraphs as if fully set forth herein.

139.   On September 5, 2023, the '589 Patent, entitled "Apparatus Having Frame Separate From Gate," was duly and regularly issued to Regalo as assignee of the inventors, Mark A. Flannery, Brian M. McMahon, and Caleb Summers.  A true and correct copy of the '589 Patent is attached hereto as Exhibit J.  Regalo is now and has been at all times since the respective dates of issuance of the '589 Patent the owner of that patent and of all rights thereto and thereunder.

140.   Aborder has infringed and continues to infringe at least one claim of the '589 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, offering to sell, or selling the infringing safety gate products within the United States and/or importing them into the United States, without authority or license.

141.   For example, and by no means limiting, Exhibit K attached hereto and incorporated by reference is a claim chart establishing infringement of Claim 1 of the '589 Patent by the Aborder Cumbor S3V2 Baby Safety Gate.

142.   Aborder's infringement has damaged and will continue to damage Carlson, which is entitled to recover the damages resulting from Aborder's wrongful acts in an amount to be determined at trial, and in any event no less than a reasonable royalty.

COMPLAINT                                                                      Page 36

143.    Aborder's infringement has caused, and will continue to cause, irreparable injury to Carlson, for which damages are an inadequate remedy, unless Aborder is enjoined from any and all activities that would infringe the claims of the '589 Patent.

144.    Aborder's infringement of the '589 Patent is willful, justifying an award of enhanced damages of treble the amount found or assessed under 35 U.S.C. § 284.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request a trial by jury of all issues and claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

1.    Enter judgment that:

    a.    Aborder has infringed the '431, '233, and '589 Patents;

    b.    Aborder has infringed Plaintiffs' marks REGALO and CARLSON in violation of 15 U.S.C. §§ 1114(1) and 1125(a)(1)(A) and common law;

    c.    Aborder has infringed Plaintiffs' copyrights in violation 17 U.S.C. § 501(a);

    d.    Aborder has engaged in false advertising in violation of 15 U.S.C. § 1125(a)(1)(B);

    e.    Aborder has engaged in unfair competition under common law; and

    f.    The foregoing infringement and violations have been willful.

2.    Issue a preliminary and permanent injunction restraining, enjoining, and prohibiting Aborder and any subsidiaries, affiliates, parents, successors, assigns, officers, agents, representatives, servants, and employees, and all person in active

COMPLAINT                                                                                    Page 38

concert or participation with it, from:

    a.    Infringing the '431, '233, and '589 Patents;

    b.    Using the trademark REGALO or any confusingly similar designation alone or in connection with other words, as a trademark, component of any keyword advertising, or otherwise to market, advertise, or identify Aborder's safety gates or related products;

    c.    Using the trademark CARLSON or any confusingly similar designation alone or in connection with other words, as a trademark, component of any keyword advertising, or otherwise to market, advertise, or identify Aborder's safety gates or related products;

    d.  Otherwise infringing Plaintiffs' trademarks;

    e.  Using any false or misleading representation or description that can or is likely to misrepresent to the trade or public, or individual members thereof, the characteristics or qualities of any product or service advertised, promoted, offered or sold by Aborder, including but not limited to descriptions on or in point of purchase advertising, television commercials, radio commercials, print advertising, social media and websites;

COMPLAINT                                                                   Page 39

    f.   Using any false or misleading representation or description that can or is likely to misrepresent to the trade or public, or individual members thereof, the characteristics or qualities of any product or service advertised, promoted, offered or sold by Plaintiffs, including but not limited to descriptions on or in point of purchase advertising, television commercials, radio commercials, print advertising, social media, and websites ; and

    g.   Unfairly competing with Plaintiffs in any manner whatsoever;

3.    Direct Aborder to file with this Court and serve on Plaintiffs within thirty days after the service of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Aborder has complied with the injunction;

4.    Require Aborder to deliver up and destroy its entire inventory of infringing gates and the books and records (including computerized or electronic records) related thereto;

5.    Order Aborder to delete all false advertising disseminated and require Aborder to issue notices (written or otherwise) to that effect to all current distributors and retailers of its products and all distributors with whom Aborder has done business in the past twelve months;

6.    Order Aborder to disseminate corrective advertising at its expense that informs consumers, the trade and the public at large of Aborder's unlawful conduct

COMPLAINT                                            Page 40

as complained of herein and of the judgment requiring Aborder to cease such unlawful conduct, and/or order Aborder to pay Plaintiffs' costs in producing and disseminating such corrective advertising;

7.   Order Aborder to pay damages adequate to compensate Plaintiffs for Aborder's infringement and unlawful activity, together with prejudgment and post-judgment interest thereon, and including enhanced damages for its willful conduct;

8.   Award Plaintiffs Aborder's profits resulting from its infringement and unlawful activity after an accounting;

9.   Award Plaintiffs punitive damages as may be allowed by law;

10.   Direct Aborder to pay Plaintiffs their costs and reasonable attorneys' fees incurred in this action; and

11.   Grant Plaintiffs such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  December 30, 2024          Respectfully submitted,


By:   _____
      Bradley D. Liddle
      BLiddle@cozen.com
      Texas Bar No. 24074599
      William D. Carson
      wcarson@cozen.com
      Texas Bar No. 24122473
      **COZEN O'CONNOR, P.C.**
      1717 Main Street – Suite 3100
      Dallas, Texas 75201
      Telephone No. (214) 462-3139

COMPLAINT                                                    Page 41

-and-

Frederick A. Tecce
fred.tecce@altimaadvisors.com
Texas Bar Number 24128137
**ALTIMA ADVISORS/
ATTORNEYS, LLC**
One Liberty Place – 55th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone No. (215) 268-7525
Facsimile No. (215) 268-7526

**ATTORNEYS FOR PLAINTIFFS
REGALO INTERNATIONAL,
LLC and CARLSON PET
PRODUCTS INCORPORATED**