IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| REGALO INTERNATIONAL LLC et al., § § Plaintiffs, § § v. § § ABORDER PRODUCTS INC, § § Defendant. § § § | Civil Action No. 3:24-CV-03270-E |

### MEMORANDUM OPINION AND ORDER

Before the Court is (i) Defendant Aborder Products, Inc.'s ("Aborder") Motion to Dismiss. (ECF No. 19); (ii) Plaintiffs Regalo International LLC, and Carlson Pet Products Inc.'s (collectively "Regalo") Motion for Preliminary Injunction, (ECF No. 13); (iii) Aborder's Motion for Leave to File Sur-Reply (ECF No. 24); (iv) Regalo's Varius Motions for Hearing, (ECF Nos. 27; 40; 42); and (v) Regalo's Unopposed Motion to Withdraw ECF No. 40, (ECF No. 41). After reviewing the motions, briefing, and applicable law, the Court **GRANTS** in part and **DENIES** in part Aborder's Motion to Dismiss, (ECF No. 19); **DEFERS** Regalo's Motion for Preliminary Injunction, (ECF No. 13); **DENIES** Aborder's Motion for Leave to File Sur-Reply, (ECF No. 24); **DENIES** Regalo's Motions for Hearing, (ECF No. 27; 40; 42); and **GRANTS** Regalo's Motion to Withdraw ECF No. 40, (ECF No. 41).

### I.  BACKGROUND

#### A.  Dispute and Parties

This case arises from a dispute involving pet and baby gates. Regalo alleges that for over twenty-five years they have developed, produced, and marketed their gate products, and as a result

of their extensive work, have obtained more than "four hundred United States patents that cover many novel and unique aspects of its line of products[.]". (ECF No. 1 at 5-6) (emphasis removed). Regalo alleges that Aborder, under the product names "Cumbor" and "InnoTruth", offers to sell, and does sell, competing gate products on Amazon. (ECF No. 1 at 7-8). Regalo alleges that these gate products are "knock-offs of Plaintiffs' patented safety gates" and are "marketed the same [as Regalo's gates] by misusing Plaintiffs' copyrighted photographs and federally registered trademarks and otherwise engaging unlawful, unfair competition." (ECF No. 1 at 11).

### B. Procedural History

On December 30, 2024, Regalo filed the instant case asserting the following causes of action: (i) copyright infringement, (ii) trademark infringement, (iii) false advertising, (iv) unfair competition, (v-vii) patent infringement. (ECF No. 1). On February 3, 2025, Regalo filed its Motion for Preliminary Injunction seeking to prohibit continued patent infringement. (ECF No. 13). On February 28, 2024, Aborder filed a Motion to Dismiss—which seeks to dismiss claims (ii)-(vii) under Federal Rule of Civil Procedure 12—arguing that Regalo has failed to state a claim upon which relief can be granted. (ECF No. 19 at 5); *see* Fed. R. Civ. P. 12(b)(6). All motions are fully briefed. (ECF No. 14; 16; 19; 23; 25; 26). Therefore, the Motions are ripe for adjudication.

## II.   LEGAL STANDARD

### A. 12(b)(6) Motion to Dismiss

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a Rule 12(b)(6) motion to dismiss for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the courts to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678.

In considering a Rule 12(b)(6) motion to dismiss, "the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to plaintiff." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 725 (5th Cir. 2019). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted).

### B. Preliminary Injunction

A preliminary injunction is "an extraordinary remedy." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). To obtain injunctive relief, a movant must establish (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendant; and (4) that granting the preliminary injunction will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (citing *Canal Auth. v. Callaway*, 489 F.2d 567, 572–73 (5th Cir. 1974)). "The decision to grant or deny a preliminary injunction is discretionary with the district court." *Miss. Power & Light Co.*, 760 F.2d at 621. A plaintiff is not required to prove its entitlement to summary judgment in order to establish a substantial likelihood of success on the merits for preliminary injunction purposes. *Byrum v.*

*Landreth*, 566 F.3d 442, 446 (5th Cir. 2009). But the movant must make a clear showing that the injunction is warranted, and the issuance of a preliminary injunction "is to be treated as the exception rather than the rule." *Miss. Power & Light Co.*, 760 F.2d at 621. A preliminary injunction "is appropriate only if the anticipated injury is imminent and irreparable," *Chacon v. Granata*, 515 F.2d 922, 925 (5th Cir. 1975), and not speculative. *ADT, LLC v. Cap. Connect, Inc.*, 145 F. Supp. 3d 671, 694 (N.D. Tex. 2015); *see also Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) ("Speculative injury is not sufficient" to show irreparable harm.). "In general, a harm, is irreparable where there is no adequate remedy at law, such as monetary damages." *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011). But money damages may not be adequate in special circumstances such as where a decision on the merits would not be possible without an injunction. *Janvey*, 647 F.3d at 600. The party seeking preliminary injunctive relief carries the burden of persuasion on all four elements. *Bluefield Water Ass'n, Inc. v. City of Starkville*, 57 F.3d 250, 253 (5th Cir. 2009).

### III.    ANALYSIS

#### a. Motion to Dismiss

##### i. Motion to Strike Pursuant to Court Policies and Procedures

As an initial matter, Regalo argues that Aborder's Motion to Dismiss should be stricken because, "Aborder [has] failed to comply with the Court's Standing Order and provide the requisite prior notice of all its alleged grounds for dismissal[.]" (ECF No. 25 at 11). Regalo acknowledges that Aborder did provide written notification of its intent to file the instant dismissal but argues that the notice "only partially advised [Regalo] of Aborder's alleged deficiencies and bases of its motion." (ECF No. 25 at 12). At issue is a provision of the Court's Standing Order requiring conference and notice prior to filing a motion to dismiss. The relevant language states:

> **Counsel shall confer with opposing counsel and provide written notice prior to filing a Federal Rule 12(b)(6) Motion to Dismiss:** To facilitate the efficient progression of litigation, a party or counsel who anticipates filing a Motion to Dismiss under Federal Rule 12(b)(6) must first confer with opposing counsel concerning the proposed deficiencies and the expected basis of the Motion. This conference shall include written (email or certified mail) notification of the Plaintiff's right to amend the pleading under these procedures, specifying the proposed deficiencies and the deadlines below.

Local Procedures of United States District Court Judge Ada E. Brown for the Northern District of Texas (N.D. Tex.), rule II(C)(1) (emphasis in original). It is the intention of the Court that parties will utilize this procedure to facilitate the efficient progression of litigation and is not intended to compel a moving party to divulge every basis for which they will seek dismissal. Accordingly, the Court concludes that Aborder has sufficiently complied with the Court's Procedures and **DENIES** Regalo's embedded Motion to Strike. (ECF No. 25 at 11).

### ii. Trademark Infringement and False Advertising

Counts Two and Three of Regalo's Petition asserts claims under the Lanham Act, specifically: (i) trademark infringement, and (ii) false advertising. (ECF No. 1 at 18-31). Regalo also asserts trademark infringement under Texas Common Law. (ECF No. 1 at 18).

#### 1. Trademark Infringement

To successfully plead a claim for trademark infringement under 15 U.S.C. § 1114, two elements must be adequately alleged: (1) the plaintiff "possesses a legally protectable trademark" and (2) the defendant's "use of this trademark 'creates a likelihood of confusion as to source, affiliation, or sponsorship.'" *Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 450 (5th Cir. 2017) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)); *see also Jim S. Adler, P.C. v. McNeil Consultants, L.L.C.*, 10 F.4th 422, 426 (5th Cir. 2021) (employing this inquiry within the motion to dismiss framework). Because the issues

in a trademark infringement claim are the same under Texas common law and the Lanham Act, the Court will analyze the motion to dismiss both claims under the Lanham Act standards. *All Am. Builders, Inc. v. All Am. Siding of Dallas, Inc.*, 991 S.W.2d 484, 488 (Tex. App.—Fort Worth 1999, no pet.) ("The issues in a common law trademark infringement action under Texas law are no different than those under federal trademark law.").

"To be legally protectable [under the first element], a mark must be distinctive in one of two ways": (1) inherent distinctiveness or (2) acquired distinctiveness. *Nola Spice Designs*, 783 F.3d at 537. The registration of marks with the United States Patent and Trademark Office ("USPTO") is "prima facie evidence that the marks are inherently distinctive." *Nola Spice Designs*, 783 F.3d at 537. However, this presumption of legal validity accorded to a federally registered trademark may be rebutted by a contrary showing "that the mark is not inherently distinctive." *Streamline*, 851 F.3d at 451 (cleaned up). Here, it is uncontested that Regalo has utilized the marks "REGALO" and "CARLSON PET PRODUCTS" for decades and were "granted federal trademark registration" to both marks on or about July 7, 1998. (ECF No. 1 at 22). Accordingly, they serve as "prima facie evidence that the marks are inherently distinctive" such to satisfy the first prong of a trademark infringement claim. *Nola Spice Designs*, 783 F.3d at 537.

Under the second element, the "[l]ikelihood of confusion" as to the source, affiliation, or sponsorship of a legally protectable trademark must be "more than a mere possibility of confusion. *Streamline*, 851 F.3d at 453. Rather, "the plaintiff must demonstrate a probability of confusion" spawned by the defendant's use. *Streamline*, 851 F.3d at 453. This is "the gravamen for any action of trademark infringement." *Adler*, 10 F.4th at 426. Courts examine the following non-exhaustive factors, or "digits of confusion," to evaluate whether there exists a probability of confusion: "(1) the type of trademark; (2) mark similarity; (3) product similarity; (4) outlet and purchaser identity;

(5) advertising media identity; (6) defendant's intent; (7) actual confusion; and (8) care exercised by potential purchasers." *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 227 (5th Cir. 2009). "No single factor is dispositive, and a finding of a likelihood of confusion need not be supported by a majority of the factors." *Bd. of Supervisors for La. State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 578 (5th Cir. 2008) (citation omitted). Moreover, "the digits may weigh differently from case to case, depending on the particular facts and circumstances involved." *Xtreme Lashes*, 576 F.3d at 227.

Aborder argues that Regalo has not sufficiently pled a likelihood of confusion and accordingly, Regalo's trademark infringement claim should be dismissed. (ECF No. 19 at 12). Specifically, Aborder contends that the use of trademark advertising through the purchase of Amazon sponsored ads cannot constitute trademark infringement without additional actions, and, as such, Regalo's bald accusations do not give rise to trademark infringement.[1] (ECF No. 19 at 10-11); *Adler*, 10 F.4th at 429. Regalo responds that their pleadings are sufficient under the Fifth Circuit's holding in *Adler* because, "[w]here there is additional behavior that alleges *initial interest confusion*, the pleading burden is met." (ECF No. 25 at 15) (emphasis added).

In *Adler*, the Fifth Circuit first addressed "initial interest confusion" in the context of search-engine advertising. *Adler*, 10 F.4th at 427. In that case, Adler, a personal injury attorney, alleged trademark infringement, through initial interest confusion, caused by the defendant's purchases of Adler's trademarked words in Google keyword advertisements. *Adler*, 10 F.4th at 425. The defendant in that case bid "increasingly higher amounts to ensure her advertisements appear[ed] next to or before Adler's advertisements[]"—the infringing advertisements did "not identify a particular lawyer or law firm as the source of the advertisement. Instead, the

---

[1] "[T]rademark advertising" in this context refers to Aborder's purchase and use of Aborder's trademarked keywords in connection with its Amazon search advertisements. (ECF No. 19 at 9).

advertisements are designed to display generic terms that consumers might associate with any personal injury firm." *Adler,* 10 F.4th at 425. In that case, defendant's advertisements were "click to call" advertisements, meaning "if a user clicks on the advertisement using a mobile phone, the advertisement causes the user's phone to make a call rather than visit a website." *Adler,* 10 F.4th at 425. Once the potential consumer was connected through the click to call advertisement, the defendant's representatives answered the telephone using a generic greeting and kept confused consumers on the phone to build rapport and "ultimately convince [the consumer] to engage" defendant's services instead of Adler's. *Adler*, 10 F.4th at 425. The Fifth Circuit, adopting the Ninth Circuit's analysis, explained that "it would be wrong to expand the initial interest confusion theory of infringement beyond the realm of the misleading and deceptive to the context of legitimate comparative and contextual advertising." *Adler*, 10 F.4th at 428. Relying on the author of a leading treatise, the Fifth Circuit included an analogy for clarification:

> [A]ssume that [a] person shopping for a car types in a search engine the word TOYOTA and finds on the search results web page a clearly labeled advertisement for VOLKSWAGEN. This occurred because, hypothetically, Volkswagen purchased from the search engine the keyword "Toyota." If that computer user then ultimately decides to buy a VOLKSWAGEN instead of a TOYOTA, that is not a purchase made by mistake or as a result of confusion. If that ad and link is clearly labeled as an advertisement for VOLKSWAGEN, it is hard to see how the web user and potential car buyer is likely to be confused by the advertising link.

J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 25A:8 (5th ed. 2021 Update). Under this framework, the Fifth Circuit ultimately held that Adler's pleadings were sufficient to survive the motion to dismiss stage because,

> Adler made specific factual allegations describing how the use of the Adler marks as keyword terms — combined with generic, unlabeled advertisements and misleading call-center practices — caused initial interest confusion. This pleading included factual matter beyond the mere purchase of trademarks as keywords for

> search-engine advertising, and the district court should have considered those allegations.

*Adler*, 10 F.4th at 429.

Here, the Complaint alleges that "Aborder has purchased the keywords REGALO and CARLSON in connection with Amazon's sponsored ads" such that it is "likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of Aboder's [] gates and is likely to deceive the public into believing that these [] gates originate from, are associated with, or are otherwise authorized by [Regalo], all to the damage and detriment of [Regalo's] reputation, goodwill, and sales." (ECF No. 1 at 23-24). Regalo argues two specific actions in furtherance of their *Adler* based initial interest confusion claim: (i) Aborder's gates are visually similar to Regalo's gates, and (ii) Aborder's marketing photos "create product presentations that are confusingly similar to [Regalo's] product listings." (ECF No. 25 at 16) (citing ECF No. 1 at 8-9, 14-17, 20, 23-26).

In the complaint, Regalo alleges that their gates have "contoured shaped bars [which] are nonfunctional," and that Aborder "sells gates having the very same contoured bars." (ECF No. 1 at 24-25). Because of this similarity in gate contours, Regalo baldly concludes that it "create[s] a likelihood of confusion between the parties' respective gate products." (ECF No. 1 at 25). The complaint, similarly, baldly concludes that "[t]he likelihood of confusion caused by Defendant Aborder's misuse of Plaintiffs' trademarks is aggravated by its copying and infringing Plaintiffs' copyrighted photographs, which create product presentations that are confusingly similar to those of Plaintiffs." (ECF No. 1 at 26). However, these claims, as pled, are insufficient to show a likelihood of confusion which is "[t]he gravamen for any action of trademark infringement." *Adler*, 10 F.4th at 426. Regalo does not allege that Aborder's purchased keyword ads are unlabeled or that, upon clicking on the advertisement, customers are linked to deceptively generic purchase

pages. To the contrary, Regalo alleges, regarding these ads that, "[m]any times, it is not immediately obvious from the sponsored ad who is selling the advertised product[,]" and that "[w]hen customers 'click' or select a sponsored ad, they are taken to the advertised product's detail page." (ECF No. 1 at 20). Put another way, when a customer clicks on the advertisement, they are directed to the product page for Aborder's advertised products— Regalo's general statements that "many times" the sponsored ads do not immediately make clear who the seller is does not allege that in the specific ads purchased by Aborder are unlabeled or misleading.

Accordingly, as here, where "the factual allegations regarding consumer confusion are implausible … a district court may dismiss a complaint on the basis that a plaintiff failed to allege a likelihood of confusion." *Adler*, 10 F.4th at 428-29 (*See, e.g., Eastland Music Grp., LLC v. Lionsgate Ent., Inc.,* 707 F.3d 869, 871 (7th Cir. 2013); *Murray v. Cable Nat'l Broad. Co.*, 86 F.3d 858, 860-61 (9th Cir. 1996). Thus, the Court **GRANTS** Aborder's Motion to Dismiss as to Count Two—the Trademark Infringement Claim. (ECF No. 1 at 18-27).

### 2. False Advertising

To successfully plead a claim for False Advertising under 15 U.S.C. § 1125(a)(1)(B), five elements must be adequately alleged:

> (1) false or misleading statement of fact about a product;
> (2) the statement deceived or had the capacity to deceive a substantial segment of potential consumers;
> (3) the deception was material;
> (4) the product is in interstate commerce; and
> (5) the plaintiff has been or is likely to be injured as a result of the statement at issue.

*Schlotzsky's Ltd. v. Sterling Purchasing & Nat'l Distribution Co.*, 520 F.3d 393, 400 (5th Cir. 2008). A statement of fact makes "a specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact.'' *Pizza Hut, Inc. v. Papa John's*

*Int'l, Inc.*, 227 F.3d 489, 495 (5th Cir. 2000). On the other hand, "generalized positive statements about a company's progress are not a basis for liability." *Nathenson v. Zonagen Inc.,* 267 F.3d 400, 419 (5th Cir. 2001) (citing *Lasker v. New York Elec. & Gas Corp.,* 85 F.3d 55, 59 (2d Cir. 1996) ("[B]road, general statements" are "precisely the type of 'puffery' that this and other circuits have consistently held to be inactionable")). The Fifth Circuit defines puffery as "(1) exaggerated, blustering, and boasting statements] upon which no reasonable buyer would be justified in relying; or (2) a general claim of superiority over comparable products that is so vague that it can be understood as nothing more than mere expression of opinion." *Pizza Hut*, 227 F.3d at 497.

Regalo's allegations of false advertising by Aborder fall into two categories: (i) non-authentic customer reviews, and (ii) systematic removal of negative reviews. (ECF No. 1 at 28-29). Aborder asserts that Regalo has not "allege[d] facts that rise above the speculative level showing that the reviews are fake or that [Aborder] manipulates reviews," and thus, should be dismissed. (ECF No. 19 at 15). Regalo argues that, though Aborder has had the opportunity to do so, it has not contested the allegations, and thus, "Aborder's refusal to deny the claims raises an adverse inference itself sufficient to defeat Aborder's motion to dismiss." ECF No. 25 at 18).

In support of its contention that Aborder is engaged in false advertising through non-authentic customer reviews, Regalo alleges the following statements:

> 101. On information and belief, the reviews associated with Defendant Aborder's Cumbor products are not from consumers, but actually from either Aborder itself or from a third-party acting on Aborder's behalf to invent reviews which are, for various reasons, not authentic.
>
> 102. Defendant Aborder's practice of generating reviews is evidenced by the fact that a majority of Cumbor's reviews are rated with a scale of 1-5 without any comments, and nearly all of them positive.

> 103. On information and belief, in addition to being non-authentic, over twenty of those reference Regalo and virtually all of them disparage or denigrate Regalo. On information and belief, Defendant Aborder, or someone acting on Aborder's behalf, is writing reviews which denigrate or disparage Plaintiffs' products. These misleading and false reviews constitute, *inter alia*, trade disparagement.

(ECF No. 1 at 28-29). Regalo's allegations in its complaint, taken as true, do not plausibly meet the required elements of a false advertising claim. Specifically, Regalo does not allege any statements with particularity as to satisfy prong one of a false advertisement—a "false or misleading statement of fact about a product." *Schlotzsky's Ltd.*, 520 F.3d at 400. Aborder acknowledges in their motion to dismiss that "[Regalo] [is] correct in stating that fake reviews and review manipulation can be false advertising. (ECF No. 19 at 15) (citing *Stonecoat of Texas, LLC. v. ProCal Stone Design, LLC*, No. 4:17-CV-303, 2019 WL 5391178, *45 (E.D. Tex. Aug. 12, 2019), report and recommendation adopted in part, rejected in part, 426 F.Supp.3d 311 (E.D. Tex. 2019). However, Regalo's bare allegation that some of Aborder's product reviews are not from consumers because "a majority of Cumbor's reviews are rated with a scale of 1-5 without any comments" is insufficient.[2] Likewise, the mention of Regalo in the reviews of Aborder's products does not plead a false or misleading statement of fact. *Scholtzsky's Ltd.*, 520 F.3d at 400. In sum, Aborder's claims do not "raise a right to relief above the speculative level," and therefore cannot survive a motion to dismiss. *Twombly*, 550 U.S. at 555.

In support of its contention that Aborder is engaged in false advertising through systematic removal of negative reviews, Regalo alleges the following statements:

> 104. On information and belief, Defendant Aborder goes to great lengths to manipulate ratings and reviews and to remove any negative reviews or poor ratings.

---

[2] Cumbor is one of the companies collectively referred to as "Aborder."

> 105. On information and belief, in addition to its placement of false product reviews in connection with the sales of its infringing safety gate products on Amazon, and on information and belief, Defendant Aborder has engaged in the removal of legitimate ratings and reviews. That is, Aborder has manipulated Amazon's rating systems to broaden the removal of ratings and reviews, and thus, overstate positive customer experiences.
>
> 106. On further information and belief, Defendant Aborder has wrongfully classified negative reviews as fault caused by "fulfillment experience by Amazon" to remove their presence.

(ECF No. 1 at 29). Here, Regalo's allegations regarding removal of negative reviews, similar to its contentions regarding fake reviews, do not plausibly meet the required elements of a false advertising claim. *Schlotzsky's Ltd.*, 520 F.3d at 400. Regalo's allegations that the Amazon reviews were manipulated "to remove any negative reviews or poor ratings[,]" are mere "'naked assertion[s]' devoid of 'further factual enhancement,'" *Iqbal*, 555 U.S. at 678, and they do not "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and therefore cannot survive a motion to dismiss. Thus, the Court **GRANTS** Aborder's Motion to Dismiss as to Count Three—the False Advertising Claim. (ECF No. 1 at 27-31).

### iii. Unfair Competition

Count Four of Regalo's Petition claims Unfair Competition under common law. (ECF No. 1 at 31). The Fifth Circuit has held that "we generally analyze Lanham Act false advertising claims and common law unfair competition claims together." *Boltex Mfg. Co., L.P. v. Galperti, Inc.*, 827 F.App'x 401, 409 (5th Cir. 2020) (citing *King v. Ames*, 179 F.3d 370, 374-75 (5th Cir. 1999)). Regalo alleges the following regarding their unfair competition claim:

> 117. These acts of unfair competition include, but are not limited to, misuse of Plaintiffs' trademarks, false and confusingly similar product photographs, misappropriation of Regalo's trade dress, purchase of non-authentic and misleading product reviews, and the removal of negative reviews and low customer ratings from the product pages of Defendant Aborder's infringing safety gates.

(ECF No. 1 at 31). Aborder moved to dismiss Regalo's unfair competition claim, arguing that "because [Regalo's] copyright and trade dress claims cannot support their unfair competition claim, and because they have also failed to sufficiently plead their remaining Lanham Act claims, there are no other factual allegations in the pleadings on which to adequately base the unfair competition claim." (ECF No. 19 at 18). Regalo, in response, contends that because they "have stated independent claims for trademark infringement and false advertising … they have also stated a common law unfair competition claim." (ECF No. 25 at 21). The Court having dismissed Regalo's Lanham Act claims, *see supra* Sections III(a)(ii)(1)-(2), now dismisses Regalo's common law unfair competition claim. *Boltex Mtf. Co.*, 827 F.App'x at 409. Thus, the Court **GRANTS** Aborder's Motion to Dismiss as to Count Four—the Unfair Competition Claim. (ECF No. 1 at 31-32).

    **iv. Patent Claims**

Counts Five through Seven of Regalo's Petition claims Patent Infringement pursuant to 35 U.S.C. § 271(a). Dismissal of a patent-infringement claim is appropriate when "the plaintiff merely recites that the defendant infringes a claim limitation but fails to identify the parts of the allegedly infringing instrumentality that perform the limitation or allege how the identified parts meet the text of the limitation." *Soar Tools, LLC v. Mesquite Oil Tools, Inc.*, 2021 WL 3030066, at *4 (N.D. Tex. July 2, 2021). Further, "[i]n ruling on a 12(b)(6) motion, a court need not 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit,' such as the claims and the patent specification." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 890 F.3d 1354, 1358 (Fed. Cir. 2018) (quoting *Secured Mail Sols., LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017)). A party directly infringes a patent if, without authority, it "makes, uses, offers to sell, or sells [the] patented invention, within the United States or imports into the

United States [the] patented invention during the term of the patent." 35 U.S.C. § 271(a). A product qualifies as the "patented invention" under this standard only if it contains each element, or a substantial equivalent of each element, of a claim of the patent. *See Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, 2022 WL 610796, at *2 (E.D. Tex. Jan. 24, 2022).

Upon review of the complaint and the motion to dismiss briefing, the Court concludes Regalo has pleaded specific facts which establish a plausibility of entitlement to relief on its Patent Claims. Accordingly, Aborder's Motion to Dismiss is **DENIED** only as to Counts Five through Seven—the Patent Infringement Claims. (ECF No. 1 at 32-37).

### v. Leave to Amend Complaint

Regalo requests, in the alternative, that the "Court grant it leave to amend to cure any deficiencies." (ECF No. 25 at 34). The Fifth Circuit has addressed leave to amend pleadings:

> Under Rule 15(a), "leave to amend shall be freely given when justice so requires," and should be granted absent some justification for refusal. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).The liberal amendment policy underlying Rule 15(a) affords the court broad discretion in granting leave to amend and, consequently, a motion for leave to amend should not be denied unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed [or] undue prejudice to the opposing party by virtue of allowance of the amendment[.]" *Foman*, 83 S.Ct. at 230.

*U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 386 (5th Cir. 2003). "[A] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought, *cf.* Fed. R. Civ. P. 7(b)—does not constitute a motion within the contemplation of Rule 15(a)." *Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993). "Granting leave to amend ... is not required if the plaintiff has already pleaded [his] 'best case.'" *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (citing *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (citing

*Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam))). "A plaintiff has pleaded [his] best case after [he] is apprised of the insufficiency of [his] complaint." *Wiggins*, 710 F. App'x at 627 (internal quotation and citation omitted). The Fifth Circuit further explained:

> **A plaintiff may indicate she has not pleaded her best case by stating material facts that she would include in an amended complaint to overcome the deficiencies identified by the court.** *See Brewster*, 587 F.3d at 767–68. **Similarly, a district court need not grant a futile motion to amend.** *Legate*, 822 F.3d at 211 (citing *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000)). "Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Id.*

*Wiggins*, 710 F. App'x at 627 (emphasis added in bold). The Fifth Circuit has affirmed denials of leave to amend where it determined that the proposed amendment would be futile after analyzing the claims. *See Edoinwe v. Bailey*, 860 F.3d 287, 295 (5th Cir. 2017) (where the proposed amended complaint failed to state a claim under 42 U.S.C. § 1983).

Here, Regalo did not expressly request with particularity the opportunity to amend its complaint. *Willard*, 363 F.3d at 387. Regalo's request for leave to amend its complaint states:

> The Fifth Circuit has held that "[e]ven if a plaintiff's pleadings are deficient under Rule 12(b)(6), a distrit court should freely give leave to amend when justice so requires." *Matter of Life Partners Holdings, Inc.,* 929 F.3d 103, 125 (5th Cir. 2019); *see also United Healthcare Servs. v. Next Health, LLC*, No. 3:17-CV-00243-E-BT, 2021 U.S. Dist. LEXIS 36084, at *55 (N.D. Tex. Feb. 26, 2021) (Brown, J.) ("the Court ordinarily permits a plaintiff one opportunity to replead following a first motion to dismiss"). This case is still in its early stages, and issue has yet to be joined. Plaintiffs have had no prior amendment, and there has been no ruling issued by the Court assessing the sufficiency of Plaintiffs' claims.
> Moreover, leave to amend would be especially appropriate in this case. As noted, Plaintiffs have not had a fulsome opportunity to amend due to Aborder's failure to comply with the Standing Order and completely apprise Plaintiffs of all alleged insufficiencies of their Complaint.

(ECF No. 25 at 34). This "does not provide any indication of the grounds on which such an amendment should be permitted." *Willard*, 336 F.3d at 387. Northern District of Texas Local Civil Rule 15.1 requires a party seeking leave to file an amended pleading to "attach a copy of the proposed amended pleading as an exhibit to the motion[.]" N. D. Tex. Loc. Civ. R. 15.1(a). Regalo attached no amended pleading to its request for leave. (*See* ECF No. 20). Regalo further offers no discussion of factual allegation(s) that it intends to add or revise in any further amended pleading. (ECF No. 25 at 34). Notwithstanding, the Court's policies and procedures require defendants to apprise plaintiffs of insufficiencies in the complaint. *See Wiggins* 710 F. App'x at 627. Aborder avers it complied in apprising Regalo, and the record reflects the same—to wit, Regalo never filed an Advisory of intent to amend, nor did it amend the Original Complaint. (ECF Nos. 1; 25 at 38-49).

The Court determines Regalo has pleaded its best case. The Court concludes permitting Regalo "any [further] attempts at amendment would be futile." *See generally Wiggins*, 710 F. App'x at 627 (discussing the same). The Court thus **DENIES** Regalo's embedded motion for leave to amend.

### b. Motion for Preliminary Injunction

Pending with the Court are the following additional motions: (i) Regalo's Motion for Preliminary Injunction, (ECF No. 13); (ii) Aborder's Motion for Leave to File Sur-Reply (ECF No. 24); and (iii) Regalo's Varius Motions for Hearing, (ECF Nos. 27; 40; 42). The Northern District of Texas Second Amended Miscellaneous Order Number 62, Section 1 provides that, "[i]f any motion filed prior to the claim construction hearing provided for in paragraph 4-6 raises claim construction issues, the presiding judge may, for good cause shown, defer the motion until after

completion of the disclosures, filing, or ruling following the claim construction hearing." Northern District of Texas Second Amended Miscellaneous Order Number 62, Section 1-2.

Because the parties' arguments in their briefing of Regalo's Motion for Preliminary Injunction implicates claims construction of the remaining causes of actions, the Court finds good cause to defer the adjudication of the Motion until after the parties' claims construction briefing is completed. The Court shall enter, by separate order, deadlines regarding the same. Accordingly, the Court **DEFERS** ruling on the Motion for Preliminary Injunction, (ECF No. 13), and **DENIES WITHOUT PREJUDICE** Aborder's Motion for Leave to File Sur-Reply, (ECF No. 24), and Regalo's Motions for Hearing, (ECF No. 27; 40; 42).

### IV.  CONCLUSION

For the reasons enumerated above, the Court **GRANTS** in part and **DENIES** in part Aborder's Motion to Dismiss, (ECF No. 19), and dismisses, with prejudice, the following claims: (i) trademark infringement, (ii) false advertising, and (iii) unfair competition. The only claims still pending are (i) copyright infringement, and (ii) the patent infringement claims against the '431 patent, the '233 patent, and the '589 patent. The Court **DENIES** Regalo's embedded motions to strike and leave to amend. Further, the Court **DEFERS** Regalo's Motion for Preliminary Injunction, (ECF No. 13); **DENIES** Aborder's Motion for Leave to File Sur-Reply, (ECF No. 24); **DENIES** Regalo's Motions for Hearing, (ECF No. 27; 40; 42); and **GRANTS** Regalo's Motion to Withdraw ECF No. 40, (ECF No. 41).

**SO ORDERED:** this 28th day of August, 2025.

ADA BROWN
UNITED STATES DISTRICT JUDGE